[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11012
Non-Argument Calendar
_____

D.C. Docket No. 4:05-cr-00066-BAE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE L. CRAY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 14, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

George Cray, proceeding pro se, appeals the district court's denial of his

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).   Cray argues

that the district court erred in denying his § 3582(c)(2) motion because it considered the pre-sentencing factors pursuant to 18 U.S.C. § 3553(a), but failed to consider his post-sentencing rehabilitation efforts. Finding no abuse of discretion, we affirm.

We review for abuse of discretion the district court's denial of motion to reduce a sentence pursuant to § 3582(c)(2). *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . [a district court] *may* reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2) (emphasis supplied). A modification is permitted only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In deciding a § 3582(c)(2) motion, "the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). The court must then decide, in its discretion and after analyzing the § 3553(a) factors, whether to impose the amended sentence or retain the original sentence. *Id.* at 781.

2

We have expressly rejected the suggestion that a district court is required to reduce a defendant's sentence pursuant to § 3582(c).  *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

The Sentencing Guidelines provide that, where a defendant's applicable guideline range has been lowered after the defendant's sentencing, "the court *may* reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(1) (emphasis added).  The application notes to that provision state that "the court shall consider the [§ 3553(a) factors] in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction."  U.S.S.G. § 1B1.10, cmt. n.1(B)(i).  We have held that a district court "commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  *Smith*, 568 F.3d at 927 (internal quotation marks omitted); *see United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").  The guideline application notes further explain that "[t]he court *may* consider post-sentencing conduct of the defendant that occurred after imposition of

3

the original term of imprisonment in determining" whether a reduction is warranted or the extent of any such reduction.  U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nothing, however, *requires* the court to consider post-sentencing conduct.  *See id.*

Turning to the case at hand, we discern no error in the district court's denial of Cray's § 3582(c)(2) motion.  Section 3582(c)(2) and its accompanying guideline, U.S.S.G § 1B1.10(a)(1), make quite clear that the district court wields discretion to decide whether to lower a defendant's term of imprisonment where the guideline range is subsequently lowered as the result of an amendment to the guidelines.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  The record reflects that district court properly considered the relevant § 3553(a) factors in denying Cray's motion.  Indeed, the court *explicitly* stated that "pursuant to 18 U.S.C. § 3553(a), . . . [Cray's sentence] should remain at 118 months."  And while the court did not specifically enumerate the factors upon which it relied, the district judge discussed the nature and circumstances of Cray's offense when he remarked that Cray's offense involved a substantial quantity of crack cocaine.  Further, the district judge considered the history and circumstances of the offender, because he remarked that Cray had been given several opportunities to change his life when he had been sentenced to probation rather than incarceration for two prior felony drug convictions.  Finally, and with regard to the argument that the district court did not

adequately consider Cray's post-conviction conduct, we simply note that nothing requires it to.  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam) (explaining that the district must consider the § 3553(a) factors, and *may* consider the defendant's post-sentencing conduct, in ruling on a § 3582(c)(2) motion).  The judgment of the district court is affirmed.

 **AFFIRMED.**

5